

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 22CR1503-TWR |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| JASON WIZNER (4), | |
| Defendant. | |

WHEREAS, in the Indictment the United States sought forfeiture of all right, title, and interest in all specific properties of Defendant, JASON WIZNER, ("Defendant"), pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c) as firearms and ammunition involved in the violations of Title 18, United States Code, Section 922(g)(1) as set forth in Counts 5, 8, 9 of the Indictment, and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), as property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841(a)(1) and 846, and as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations of Title 21, United States Code, Section 841(a)(1) and 841(b), as set forth in Counts 1, 2, 3, 4, 6, 7, 10, 11, 12 of the Indictment; and

WHEREAS, on or about March 16, 2023, Defendant pled guilty before Magistrate Judge Allison H. Goddard to the offenses set forth in Count 1 of the Indictment, charging the defendant with conspiracy to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), and 846, consented to the forfeiture allegations of the Indictment, and agreed pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), to forfeit all specific properties seized in connection with this case including but not limited to the following:

    a.    One (1) Ruger P95 9mm handgun bearing serial number 312-38394;

    b.    One (1) Smith and Wesson M&P 9 M2.0 Pistol CAL:9 SN: HDL5420;

    c.    One (1) Century Arms International C39V2 Rifle CAL:762 SN: A17045;

    d.    One (1) Century Arms International M 91/30 Rifle CAL: 7.62x54 SN: 84872;

    e.    One (1) Taurus International PT111 G2 Pistol CAL:9 SN: TIS84459;

    f.    One (1) CZ (Ceska Zbrojovka) CZ P-10 C Pistol CAL:9 SN: C601280;

    g.    Two Hundred and Thirty (230) assorted 9mm ammunition rounds;

    h.    $16,135.15 U.S. Currency;

WHEREAS, on, April 3, 2023, this Court accepted the guilty plea of Defendant; and,

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the specific properties, and the offenses; and,

WHEREAS, by virtue of said guilty pleas, the United States is now entitled to possession of the above- referenced specific properties, pursuant Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), Title, and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced specific properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty pleas of the Defendant to Count 1 of the Indictment, the United States is hereby authorized to take custody and control of the following specific properties and all right, title and interest of Defendant, JASON WIZNER, in the specific properties are hereby forfeited to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a. One (1) Ruger P95 9mm handgun bearing serial number 312-38394;
    b. One (1) Smith and Wesson M&P 9 M2.0 Pistol CAL:9 SN: HDL5420;
    c. One (1) Century Arms International C39V2 Rifle CAL:762 SN: A17045;
    d. One (1) Century Arms International M 91/30 Rifle CAL: 7.62x54 SN: 84872;
    e. One (1) Taurus International PT111 G2 Pistol CAL:9 SN: TIS84459;
    f. One (1) CZ (Ceska Zbrojovka) CZ P-10 C Pistol CAL:9 SN: C601280;
    g. Two Hundred and Thirty (230) assorted 9mm ammunition rounds;
    h. $16,135.15 U.S. Currency;

2. The aforementioned forfeited assets are to be held by Federal Bureau of Investigation and Bureau of Alcohol, Tobacco, and Firearms, in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the

United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the specific properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited specific properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in all specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: 8/14/23

_Todd Robinson_
Honorable Todd W. Robinson
United States District Judge